# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOPER, WILLIAMS and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant MANUEL A. ERB**
**United States Army, Appellant**

ARMY 20240542

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Jacqueline L. Emanuel and Kenton E. Spiegler, Military Judges
Colonel Robert C. Stelle, Special Trial Counsel

For Appellant: Captain Jessica A. Adler, JA; William E. Cassara, Esquire (on brief and reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Elizabeth G. Van Dyck, JA; Captain Melissa D. Zigrang (on brief).

7 July 2026

------------------------------
SUMMARY DISPOSITION
------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Senior Judge:

Appellant raises three assignments of error to this court.[1] None warrant relief. However, we address appellant's claim that his defense counsel were ineffective.

An enlisted panel convicted appellant, contrary to his pleas, of one specification of false official statement, two specifications of sexual abuse of a child, and two specifications of sexual assault of a child, in violation of Articles 107, and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 920b. The

---

[1] We have given full and fair consideration to the other matters raised by appellant, including those submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

military judge sentenced appellant to a dishonorable discharge, confinement for 11 years, and reduction to the grade of E-1.

## BACKGROUND

Appellant and his ex-wife had two daughters together, Ms. AE and the victim. After the divorce, the daughters lived with appellant and his new wife on Fort Sill, Oklahoma.

Shortly before the victim's thirteenth birthday in September 2022, appellant entered her room late at night and lay down next to her in her bed. Appellant "unclipped [her] bra and started to rub [her] breasts." After a while, appellant put his hands down the front of her pants, inside her underwear, and "started to rub on [her] woman area." The victim heard appellant moaning and stroking "his man part." Appellant then inserted his fingers inside the victim's "woman part" and "started moving his fingers kind of fast." The victim jumped up off the bed and backed away from him. Appellant told her it was ok, and to lie back down in the bed. The victim went back to her bed, eventually fell asleep, and appellant left.

On another occasion, while the family watched a movie on the couch, appellant compelled the victim to touch his penis. After appellant's wife and Ms. AE fell asleep, appellant took the victim's hand, put it down his shorts and made her "stroke his man part" until "liquid came out of his man part." Appellant told the victim not to tell anyone. Appellant was found guilty of all these charged offenses.

Appellant now alleges his defense counsel were deficient by failing to investigate digital media his wife showed them prior to trial. He avers the digital media would have demonstrated the victim had knowledge of sexual matters beyond her age, this knowledge predated the charged offenses and supported the defense theory that the victim fabricated her allegations.

In support of this assignment of error, appellant and his wife submitted affidavits and a screenshot of a Dropbox account. The screenshot displayed indecipherably small thumbnails of text messages and images. According to the affidavits, appellant's wife showed defense counsel a video depicting the victim in a FaceTime call, watching a pornographic movie with a friend. Appellant's wife also claims she showed defense counsel "inappropriate" text messages between the victim and a friend. Neither appellant nor his wife provided the video or the text messages.

The affidavits further explain that defense counsel set up the Dropbox for appellant's wife to send the video and text messages. Appellant and his wife assert

the upload failed and defense counsel made no further attempt to obtain the digital material thereafter.[2]

## LAW

We review allegations of ineffective assistance of counsel de novo. *United States v. Furth*, 81 M.J. 114, 117 (C.A.A.F. 2021) (citing *United States v. Carter*, 79 M.J. 478, 480 (C.A.A.F. 2020)). "To prevail on an ineffective assistance claim, the appellant bears the burden of proving that the performance of defense counsel was deficient and that the appellant was prejudiced by the error." *United States v. Captain*, 75 M.J. 99, 103 (C.A.A.F. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)).

"With respect to Strickland's first prong, courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *Strickland*, 466 U.S. at 689). This presumption may be rebutted "by showing specific errors that were unreasonable under prevailing professional norms." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (citation omitted).

To overcome the presumption of competence appellant must prove counsel's advocacy fell "measurably below the performance ordinarily expected of fallible lawyers." *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011) (citation omitted) (cleaned up). "When a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion . . . an appellant must show that there is a reasonable probability that such a motion would have been meritorious.'" *McConnell*, 55 M.J. at 482 (citation omitted).

Turning to *Strickland's* second prong, appellant must show "a reasonable probability that, but for counsel's deficient performance the result of the proceeding would have been different." *Captain*, 75 M.J. at 103 (quoting *Datavs*, 71 M.J. at 424) (cleaned up). Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citation omitted).

---

[2] To support this assertion, appellant's wife included screenshots from the box.com site where she allegedly submitted the material to defense counsel. A thorough review of these screenshots does not show any evidence that the materials failed to upload. The screenshots show that she uploaded multiple materials, mostly .png images, on 23 July 2024 and that it took up a minimal amount of space (37.9 MB) out of a possible 10 GB of storage within the Dropbox.

## DISCUSSION

First, as a threshold matter, appellant failed to provide this Court with the video or the "inappropriate" text messages. It is axiomatic that an appellate court cannot sufficiently evaluate the relevance, probative value, or potential prejudicial impact of material it has not seen.

Without the inclusion of the video and the text messages in the appellate record, this Court is left to rely solely on the abbreviated characterizations of the material described in affidavits. We cannot, and will not, assume the specific contents of the video or the texts to make a judgment call on whether this material was relevant to the underlying case. The burden rests squarely on the appellant to provide sufficient support for his appeal; failing to produce—or at a minimum sufficiently describe—the material central to an ineffective assistance of counsel claim is deleterious to an argument that trial defense counsel were deficient in handling it. *See United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005) (holding an appellant "must establish a factual foundation for a claim of ineffectiveness; second-guessing, sweeping generalizations, and hindsight will not suffice"); *see also United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (ruling an IAC claim fails where appellant did not meet his initial burden of establishing a factual appellate record to document the basis of the claim).

Second, appellant misconstrues the duty to investigate. Even if this Court were to assume, *arguendo*, that the video in question was, in fact, pornographic in nature—as described in the affidavits—appellant's claim still fails. Appellant argues defense counsel's failure to *acquire a copy* of the digital material equates to a failure to investigate. We decline to adopt such an expansive interpretation of what it means to "investigate." Appellant and his wife concede defense counsel viewed the digital material provided by appellant's wife. (Defense Appellate Exhibits A & B). Simply stated, counsel did not fail their obligation to investigate because, according to appellant and his wife, defense counsel reviewed all the material at issue. Consequently, counsel's investigation was not deficient because under *Strickland*, the constitutional inquiry focuses on whether counsel's investigation was reasonable, not whether counsel amassed a physical archive of potential evidence. *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003) ("In assessing the reasonableness of an attorney's investigation, a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further.").

Appellant's actual complaint is that defense counsel did not *use* the material his wife provided to impeach the victim at trial. (Reply Brief, page 12 "the factfinder was never given the opportunity to consider the evidence."). However, he has not demonstrated this material would have been admissible. Assuming the material was evidence of sexual behavior or a sexual predisposition of the victim,

Military Rule of Evidence [Mil. R. Evid.] 412 would apply. Mil. R. Evid. 412 is an exclusionary rule designed to shield victims from the introduction of evidence concerning their sexual behavior or sexual predisposition. *United States v. Banker*, 60 M.J. 216, 222 (C.A.A.F. 2004). When evidence falls under this rule, it is presumed inadmissible unless the proponent demonstrates that a specific exception applies. *See id.* (noting that because Mil. R. Evid. 412 is a rule of exclusion, the burden shifts to the proponent to demonstrate admissibility).

On appeal, the burden remains on appellant to articulate which exception under Mil. R. Evid. 412(b) would have permitted the introduction of this material. *See United States v. Smith*, 68 M.J. 445, 448 (C.A.A.F. 2010), (holding appellant has the burden under Mil. R. Evid. 412 of establishing entitlement to an exception to Mil. R. Evid. 412's general prohibition). Appellant did not even mention Mil. R. Evid. 412, let alone articulate an applicable exception and its viability at trial. Thus, as described, Mil. R. Evid. 412 applies to the proffered material, rendering the video and related text messages inadmissible as a matter of law.[3]

Trial defense counsel's performance cannot be deemed deficient for failing to offer evidence that is legally inadmissible. *Cf. McConnell*, 55 M.J. at 482 (when a claim of ineffective assistance of counsel is based on a failure to make a motion, an appellant must demonstrate "a reasonable probability that such a motion would have been meritorious."). Because appellate has neither produced the material for review nor demonstrated a viable pathway for its admission under Mil. R. Evid. 412, the appellant has failed to establish the first prong of *Strickland*.

## CONCLUSION

After a complete review of appellant's initial brief, reply brief, Defense Appellate Exhibits A and B, the response brief submitted by appellee and the trial record, we find defense counsel's performance was not deficient.[4]

The findings of guilty and the sentence are AFFIRMED.

---

[3] The evidence would also be subject to Mil. R. Evid 403, where a military judge can "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the members, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. St. Jean*, 83 M.J. 109, 113 (C.A.A.F. 2023). Appellant has failed to demonstrate how this material would overcome this hurdle.

[4] After careful consideration of our superior court's guidance in *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997), we have determined neither affidavits from defense counsel nor a post-trial evidentiary hearing is necessary to resolve this issue as the first two principles under *Ginn* warrant rejection of appellant's IAC claim.

Judge WILLIAMS and Judge SCHLACK concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court